2001 OCT -1 P 4: 34

R Clerk

DEWEY WILL SHEALY,

     Plaintiff,

v.

TAMELA BROWN, Warden of Care and
Treatment; Dr. WILLIAM L. MUSIC;
PAULINE EASON, LPN, and Food
Officer BROWN,

     Defendants.

CIVIL ACTION NO.: CV207-093

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Macon State Prison in Oglethorpe, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Wayne State Prison. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that in August of 2005, he fell in the kitchen at Wayne State Prison and injured his back. Plaintiff contends that he was seen by Defendant Dr. Music, who gave him medication and ordered that he not squat, lift, bend, twist, or stand for prolonged periods for four weeks. Plaintiff generally asserts that he has received inadequate medical treatment for his injury. He contends that he should have been given an x-ray or an MRI sooner, and that he has not received enough medication. Plaintiff further contends that Defendant Brown, the Warden of Care and Treatment, failed to move him to a dorm with a better situated locker and that as a result, a locker fell on him. Plaintiff generally alleges several instances in which he wanted to see a

doctor prior to his scheduled appointment, and several instances in which he desired more or stronger medication or additional testing which medical officials denied.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates.  This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates.  Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).  The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290).  Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000).  In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Hill, 40 F.3d 1187 (internal citations omitted).  As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)).  Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth

Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105, 97 S. Ct. at 291).

Plaintiff's allegations as to his medical care amount to nothing more than a difference of opinion as to his treatment. Such allegations are not cognizable under section 1983. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (noting that a mere difference of opinion between prison medical officials and an inmate as to the latter's diagnosis or course of treatment does not support a claim of cruel and unusual punishment). It is simply legally insufficient to sustain a cause of action for deliberate indifference to serious medical needs by alleging that the inmate did not receive the medical attention he deemed appropriate. Harris, 941 F.2d at 1505. Furthermore, Plaintiff has failed to plead any specific injury resulting from his locker issues. The nature of a cognizable Eighth Amendment harm must be "objectively, sufficiently serious," and requires more than a *de minimis* injury. Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006) (internal quotations omitted). Plaintiff has stated no cause of action against Defendants, and his Complaint is thus due to be dismissed.

## CONCLUSION

It is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim.

**SO REPORTED** and **RECOMMENDED**, this _15th_ day of October, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE